(93 South. 418)
HARRISON v. CRYER et al.   (7 Div. 298.)

(Supreme Court of Alabama.   April 13, 1922.
Rehearing Denied May 11, 1922.)

Detine ⬤⇒22—To recover a dog, giving the general charge for defendant held error.

In detinue to recover a dog, where plaintiff and defendant both claimed title through a common source, evidence *held* sufficient for the jury, and in giving the general charge for defendant there was error.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Special Judge.

Action by Mrs. M. F. Harrison against Jim Cryer and B. F. Spearman for the recovery of a dog. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Lapsley & Carr, of Anniston, for appellant.

It is only when there is no evidence tending to establish plaintiff's case that the court may direct a verdict for defendant. 205 Ala. 35, 88 South. 139; 197 Ala. 367, 72 South. 641; 196 Ala. 136, 72 South. 68; 195 Ala. 152, 69 South. 964; 194 Ala. 175, 69 South. 601; 196 Ala. 670, 72 South. 305; 166 Ala. 482, 52 South. 86; 146 Ala. 685. If in any aspect of the case the plaintiff was entitled to recover, and the jury believe the evidence tending to support such phase, the general charge should not be given for defendant. 202 Ala. 322, 80 South. 404; 201 Ala. 9, 75 South. 22; 201 Ala. 336, 77 South. 998; 110 Ala. 452, 18 South. 215; 186 Ala. 580, 64 South. 787.

Merrill & Allen, of Anniston, for appellees.

To maintain detinue, plaintiff must have general or special property in goods sought to be recovered, and be entitled to immediate possession. 193 Ala. 447, 69 South. 421; 18 C. J. 1003; 169 Ala. 481, 53 South. 1018. One tenant in common has no right to dispossess another, and neither can maintain detinue against the other. 56 Ala. 417; 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914.

ANDERSON, C. J. This is an action of detinue for a dog and the plaintiff and defendants both claimed title through a common source, one Bridges. Plaintiff's evidence tended to show that she was first given the dog by one Jordan, but the proof shows that he was not the owner. The plaintiff, however, introduced evidence that, after she received the dog from Jordan, Bridges, the owner, gave it to her, and not only made no mention of having previously given it to McGinnis, but claimed to be the then owner of same. Therefore, if Bridges had not previously given the dog to McGinnis and did give it to the plaintiff, she should have succeeded in the action. On the other hand, if Bridges had previously given the dog to McGinnis, he had no right to give it to the plaintiff, and she got no title to same, even if the jury should believe that he gave it to her. The appellees concede that there was a conflict in the evidence as to whether or not Bridges gave the plaintiff the dog, but contend that the general charge was properly given for them, because the undisputed evidence shows that Bridges gave McGinnis the dog before giving it to the plaintiff, even if he ever gave it to her.

It is true that both Bridges and McGinnis testify that the former gave the dog to the latter; but Bridges is, to a certain extent, contradicted by the plaintiff and Wilson, to the effect that he was subsequently claiming

the dog, gave it to the plaintiff, and never mentioned having previously given it to McGinnis. It is also true that McGinnis testified that Bridges gave him the dog, but there are some discrepancies between these two witnesses which could afford contradictory inferences. Bridges testified that he gave McGinnis the entire interest in the dog, and only reserved the right to sometimes use it, while McGinnis testified that Bridges first gave him an undivided half interest in the dog, and subsequently gave him the other half, and these circumstances, in connection with the declaration and conduct of Bridges, could afford an inference for the jury that the gift to McGinnis was a fabrication, and if such was the case, and the jury further believed that Bridges gave the plaintiff the dog, she was entitled to recover. At any rate, the question should have been submitted to the jury, and the trial court erred in giving the general charge for the defendants.

We are fully aware of the rule that one joint owner of personal property cannot maintain detinue against his co-owner for the common property; but we cannot say that the undisputed evidence shows that Bridges gave McGinnis an undivided half interest in the dog, as McGinnis is flatly contradicted as to this by Bridges.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.